## G. B. Hotchkin, Plff. in Err., *v.* Borough of Philipsburg.

Where one who is driving attempts voluntarily to pass through a borough street which he knows is dangerous on account of incomplete repairs, and he thereby has his carriage overturned and his horse killed, his contributory negligence precludes his recovery of damages from the borough.

(Decided February 28, 1887.)

January Term, 1886, No. 452, E. D. Error to the Common Pleas of Centre County to review a judgment on a verdict for the defendant in an action of trespass on the case for negligence. Affirmed.

The facts as they appeared at the trial before FURST, P. J., are stated in his charge to the jury which was as follows:

This is an action on the case brought by Dr. G. B. Hotchkin, the plaintiff, against the borough of Philipsburg, to recover damages which the plaintiff alleges he sustained by reason of an accident occurring on one of the public streets, in the borough of Philipsburg.

In the very outset of this case let me say to you that the rights of the parties, both plaintiff and defendant, are to be determined by the evidence in the case and by the law of the land, and by this alone; no other considerations except the evidence and the law as defined by the court must influence the minds of the jury

NOTE.—If the defendant was aware of the defect in the highway, and voluntarily subjected himself to the danger, he cannot recover for injury sustained. Winner v. Oakland Twp. 158 Pa. 405, 27 Atl. 1110, 1111; Walters v. Wayne Twp. 16 Pa. Co. Ct. 613. But the question is ordinarily for the jury. Wood v. Bridgeport, 143 Pa. 167, 22 Atl. 752; Potter v. Natural Gas Co. 183 Pa. 575, 39 Atl. 7; Stokes v. Ralpho Twp. 187 Pa. 333, 40 Atl. 958; Mellor v. Bridgeport, 191 Pa. 562, 43 Atl. 365. But, if there is no other way, it is not contributory negligence to use the road known to be dangerous. Shaw v. Philadelphia, 159 Pa. 487, 28 Atl. 354.

in the performance of their duty. If any other considerations should influence the jury, great injustice might be done, as their mistake could not be corrected. Whether poor or rich, humble or high, the rights of all are equal under the law. Under the law the rights of every party litigant in a court must be determined without sympathy, without prejudice, and without bias. Whatever those rights are, those rights and those alone are to be determined under the law of the land.

If the court errs in its interpretation of the law, the remedy is ample for the correction of the court, by a review of the case in the supreme court; but if the jury were to disregard the law as laid down by the court, there would be no remedy to correct that. In civil cases, therefore, the jury are bound by their oaths to accept the law as laid down by the court; and if we err in our instructions, our error can be corrected; but if you err, your error cannot be corrected by a review of the case.

The plaintiff in this case alleges that on the 22d of April, 1882, as he was traveling with his son, about fourteen years of age, in a buggy, with one horse, coming from Morrisdale to the borough of Philipsburg about 9 o'clock in the morning, while on North Front street, somewhere between the railroad and Locust street, at a point very nearly opposite the house of Mrs. Espy on one side, and very nearly opposite a vacant lot of Hoover, Hughes & Company on the other side, he met with a serious accident; that his horse became frightened at some object on the left-hand side of the road (at a lady perhaps on the porch of Mrs. Espy's house), or some other object frightened the horse, which caused him suddenly to jump to the right; and after one or two jumps the horse was suddenly drawn to the left by the lines and the buggy was there upset and the horse was thrown over, and the shaft of the buggy was run into the right side of the horse, which caused his death in the course of some forty-eight hours.

The plaintiff further alleges that at the point where this accident occurred there was a defect in the road or street or highway, and that the injury which he sustained to his property and himself was occasioned by neglect of the proper authorities of the borough to properly repair the street. This is the plaintiff's allegation; and the question of fact which we submit to you must be determined upon the evidence,—the sworn evidence in the cause, both on the part of the plaintiff and the defendant.

The plaintiff alleges that such defect existed in the road—a sort of embankment of 2 or 3 feet high it is described as being 2½ to 3 feet in height, extending from the right side of the road down to the gutter. The plaintiff contends that by reason of that embankment being thrown up in the road his buggy was upset, his horse injured, and he himself received a nervous shock.

The supervisors of the various townships in this commonwealth are required by law constantly to keep in repair all the public roads or highways within their respective districts at all seasons; they are to keep them clear of all impediments to easy, convenient, and safe passage. Under these general requirements of the law with regard to the duties of supervisors of public roads, they are to keep the roads at all seasons of the year in such condition as to afford easy, convenient, and safe passage by the public thereon. A like duty is imposed upon the proper authorities of a borough with reference to their streets and public highways; about this duty there is no dispute between the parties in this case.

The defendant alleges that it had performed its duty; that this street at this point was in proper condition and in proper repair, so that the public could pass and repass thereon with safety, and that therefore it was not guilty of any negligence in the nonrepair of the street; and it denies that the plaintiff sustained any injury occasioned by its neglect or default.

The defendant does not deny the happening of this accident and injury at this point. This accident is admitted. It is not disputed in the case that the plaintiff's horse died from the result of this accident occurring there at that time, and that the buggy was upset; all this is admitted by the parties. But the defendant denies that its negligence caused the injury, and the first question for you to determine then is, What caused the injury to the plaintiff? Was it the defect in the street, or was it the careless act of the plaintiff himself? Might this injury have occurred at any other place, on a perfectly safe road, under the same circumstances?

If the accident occurred, as it is admitted, and it did not occur through a defect in the highway, clearly, the defendant would not be liable; because the gist of the case is that the injury arose through the neglect or negligence of the defendant in repairing the street, and keeping it in proper repair; so then,

if this accident occurred through other causes than the negligence of the defendant, there can be no recovery against the defendant in this case. The first important inquiry for you to determine is, What was the direct cause of plaintiff's injury?

You have heard the testimony of the plaintiff, and you have heard the testimony of Mr. Lyman, who immediately followed him, driving along in a buggy. This is the principal testimony with regard to how the injury occurred. It is for you to determine under all of the evidence whether this accident occurred through the neglect of the proper officers to repair the street at that place. If it did, if this injury to the plaintiff was occasioned by the negligence of defendant in the nonrepair of the street, then you are to inquire secondly, Did the plaintiff's negligence contribute to that injury?

The defendant's negligence in law would consist of the omission of duty or failure to perform the duty enjoined upon it by law, which duty, as we have already said, was to keep the street in proper repair for easy, convenient and safe travel,— that is the duty devolving upon the defendant in this case. Now if it failed in that duty; if the injury arose to the plaintiff by virtue of the negligence of the defendant; if the negligence of the defendant occasioned this injury, then the next question for you to determine is, Did the plaintiff's negligence contribute to his injury? Because a plaintiff seeking to recover can only recover in a case where he has not himself by his negligence contributed to the injury. If the plaintiff by his negligence has contributed to the injury, then the law is well settled in Pennsylvania, he cannot recover; because there can be no apportionment of negligence between the plaintiff and defendant; even though you find that the defendant was guilty of negligence in not properly repairing the street, yet if you also find that the plaintiff was guilty of contributory negligence, he cannot recover. Contributory negligence is the want of ordinary care; that is, such care as a man of common prudence should or ought to exercise under the circumstances of the case.

[The plaintiff in his testimony—and this is important for you to consider and weigh—has sworn that he knew of the dangerous condition of this street; and knowing that fact he voluntarily entered thereon. It is well settled in Pennsylvania that a person who knows of a defect in a highway and voluntarily undertakes to test it, where it could be avoided, cannot re-

cover against the municipal authorities for loss incurred through such defect. This, it is claimed; is not a case of the authorities of a borough holding out to the public a street as being safe and convenient and of easy access for travel, but a street where the defendant was in the act of repairing it; and the plaintiff knew that the officers of the borough were in the act of repairing this identical place; and according to his own testimony he knew that that place was dangerous, and knowing that fact voluntarily entered thereon, when he had a safe road to avoid it. Now if that be a fact, as you shall find from the evidence, that is, that he voluntarily exposed himself to this danger, and if he had had a knowledge of that danger, he cannot recover, because in law that would be contributory negligence].

Now did he know that fact, and had he the means at hand to avoid it by any other safe passage into town at some other point? If he had, he should have taken it and avoided this dangerous point; therefore you must first determine whether the negligence of the defendant caused the injury to plaintiff. If you determine that it was not negligent and that the street was in proper repair, there can be no recovery. You have the testimony of the defendant upon the subject of the repair to the street, and the condition it was in. It has been argued by counsel, and we need not refer to it in detail. If you find from all the evidence that the street was in proper repair at that place, and not dangerous, then of course the plaintiff cannot recover, because he has shown no neglect on the part of the defendant.

But if from the evidence you ascertain that the street was out of repair at that place at the time this accident occurred, then your second inquiry is whether the plaintiff was injured through the neglect of the defendant in repairing the street,—that is, Did the neglect of the officers of the borough in the nonrepair of this road contribute to the plaintiff's injury? Was it the cause of the injury, or did the accident occur otherwise than through the default of the defendant? If the accident occurred without the default of the defendant, then of course the defendant is not liable.

But if you ascertain first that the borough was negligent in the nonrepair of the street, that the want of repair or that defect in the highway caused the plaintiff's injury, then your next question is, Did the plaintiff by his negligence contribute to his own injury? If he did, then he cannot recover. If,

however, you determine both these questions in favor of the plaintiff (that is, that there was negligence on the part of the defendant, and that the plaintiff's negligence did not contribute to his injury), you come then to the question of damages. The damages in this case would be, if you find these two questions just referred to in his favor, the value of his horse at the time of the injury, together with the necessary expenses incident thereto, and any personal injury that he has sustained, —your verdict would be simply for the amount of damages you find the plaintiff has sustained. If he has incurred any with regard to his person, you must consider whether it was a permanent injury. Was it an injury likely to be continued during the remainder of his life? And as to the actual loss of his earning power, whether it would be a permanent loss or only a temporary loss.

Regarding the loss of his earning power, you must take into consideration all the evidence submitted on this question, prior to the accident, as well as afterwards; that he was at the time of the accident an invalid and receiving a pension from the government, showing that he had sustained some serious injury previously for which he was receiving a pension. That testimony is only upon the question of his previous physical condition, because if his present physical condition is not the direct consequence of this accident, then of course, he cannot recover for it. He can only recover for the personal injuries to himself, which are the direct consequences of that injury. If his present physical condition is the result of previous disease then, of course, the defendant is not liable to make compensation for it.

The plaintiff submitted, *inter alia*, the following point:

2. If the jury believe that the plaintiff used the said road as it was used by the general traveling public, with a knowledge of such defect; the road being in other respects passable and constantly used by the public, such use even with the knowledge of the declivity at the side of the road occasioned by the offset and gutter aforesaid would not constitute negligence on the part of the plaintiff.

*Ans.* This point does not fully state the facts and we therefore cannot affirm it. If the plaintiff had previous knowledge of the dangerous condition of the street at the point of accident, and he voluntarily assumed the risk when he had an easy way

round, of which he knew, then he would be guilty of contributory negligence.

The defendant submitted, *inter alia,* the following point:

3. That if the plaintiff was acquainted with the dangerous character of the street and voluntarily undertook to pass over it when he could have avoided it by another route, it was contributory negligence for him to pass over it, and he cannot recover.

*Ans.* Affirmed.

After answering the points the court concluded the charge thus: "Now you will take this case under these instructions and determine: First, whether the defendant was guilty of negligence in the nonrepair of the street; if it was not then the plaintiff cannot recover; secondly, if you determine that the defendant was guilty of negligence in the nonrepair of the street, did that neglect of duty or defect in this street cause or occasion plaintiff's injury? If you determine that it did, then your third inquiry will be, Did the plaintiff's negligence contribute to his own injury? If it did, then your verdict must be for the defendant. If, however, you find under all the evidence that there was no contributory negligence on the part of the plaintiff, then you must ascertain his damages under the rules we have given you. If you find for the defendant, you simply return a verdict for the defendant generally, and if for the plaintiff, you say 'We find for the plaintiff,' whatever amount you assess for his damages."

The assignments of error specified the answers to the points quoted and the portion of the charge inclosed in brackets.

*Beaver & Gephart,* for plaintiff in error.—As a general principle ordinary care is undoubtedly the rule in the use of a public highway. Lancaster v. Kissinger, 1 Pennyp. 258; Erie v. Schwingle, 22 Pa. 384, 60 Am. Dec. 87; Lower Macungie Twp. v. Merkhoffer, 71 Pa. 276; Hey v. Philadelphia, 81 Pa. 44, 22 Am. Rep. 733; Pittston v. Hart, 89 Pa. 389; Altoona v. Lotz, 114 Pa. 238, 60 Am. Rep. 346, 7 Atl. 240.

When the measure of duty is ordinary and reasonable care, it is always a question for the jury. When the standard shifts with the circumstances of the case, it is, in its very nature, incapable of being determined as a matter of law. Germantown Pass. R. Co. v. Walling, 97 Pa. 62, 39 Am. Rep. 796; West

Chester & P. R. Co. v. McElwee, 67 Pa. 311; Fritsch v. Allegheny, 91 Pa. 226; Altoona v. Lotz, 114 Pa. 238, 60 Am. Rep. 346, 7 Atl. 240.

This case is not governed by the controlling principle in Erie v. Magill, 101 Pa. 616, 47 Am. Rep. 739, and Fleming v. Lock Haven, 15 W. N. C. 216.

In each of the last two cases the accident was in daylight, and a convenient and safe way was known to the injured party, who chose not to take it.

The plaintiff having shown that the accident occurred through defendant's negligence in not repairing the street, the burden of proof rested on the defendant to show contributory negligence on the part of the plaintiff; in other words to show that plaintiff knew not only of another but of a safer road into town. "The burden of proving want of ordinary care rests upon the party alleging it, and ordinarily the burden of showing contributory negligence is on the defendant. Mallory v. Griffey, 85 Pa. 275; Brown v. Gilmore, 92 Pa. 40. A week or ten days had elapsed from the time the plaintiff had seen the culvert in bad condition. She might have presumed that the defect previously observed by her had been removed. Aside from that she may have forgotten, and the jury might impute her forgetfulness to other causes than negligence." Kingston v. Gibbons, 3 Sad. Rep. 399. See also Neslie v. Second & Third Streets Pass. R. Co. 113 Pa. 300, 6 Atl. 72.

As in the above case, some days had elapsed since plaintiff had seen this street, and he had a right to presume that the borough officials had performed their duty and made it safe for public travel. At all events he found it open and traveled by the public.

A municipal corporation is liable in damages for injuries from the neglect of its officers in not keeping its streets, roads and bridges in repair; and also for negligence in the construction or repair of public works. Dean v. New Milford Twp. 5 Watts & S. 545; Pittsburgh v. Grier, 22 Pa. 54, 60 Am. Dec. 65; Allentown v. Kramer, 73 Pa. 406; Humphreys v. Armstrong County, 56 Pa. 204; Lower Macungie Twp. v. Merkhoffer, 7 Pa. 276; McLaughlin v. Corry, 77 Pa. 109, 18 Am. Dec. 432; Fritsch v. Allegheny, 91 Pa. 226; Pittston v. Hart, 89 Pa. 389.

*Haslings & Reeder,* for defendant in error.—The defense in this case was placed upon two grounds: First, that the street of defendant at the place of accident was in a safe condition, and in proper repair; that the public could pass and repass thereon with safety; and that, therefore, defendant was not guilty of any negligence in the nonrepair of the street. It denied that the plaintiff sustained any injury occasioned by its neglect or default; second, that the plaintiff was acquainted with the character and condition of the street, and voluntarily undertook to pass over it when he could have avoided it by another route with which he was well acquainted, and which he frequently traveled; that if his pretense that the street was in an unsafe and dangerous condition were true, he was guilty of contributory negligence in passing over it, knowing its condition and of a safer route, and, therefore, could not recover.

PER CURIAM:

The main contention in this case was whether the plaintiff was guilty of concurring negligence. While the answer to the second point submitted by the plaintiff may be subject to verbal criticism, yet when considered in connection with the whole charge, we think it did not mislead the jury. As a whole the charge is just and correct and the case was well presented to the jury.

Judgment affirmed.